**Jay SIMON, Plaintiff–Appellant,**

v.

**N.Y.C. BOARD OF EDUCATION, P.S. 16 Queens, Ast. Principal Elaine Iodice, Defendants–Appellees.**

**No. 06–2508–cv.**

United States Court of Appeals, Second Circuit.

July 9, 2007.

Jay Simon, pro se, Woodhaven, NY, for Appellant.

Marta Ross, Assistant Corporation Counsel of the City of New York, New York, NY, for Appellees.

PRESENT: JOSÉ A. CABRANES, REENA RAGGI, Circuit Judges, and RICHARD M. BERMAN *, District Judge.

### SUMMARY ORDER

Plaintiff-appellant Jay Simon appeals *pro se* from a judgment entered by the District Court pursuant to its May 2, 2006, Memorandum and Order, *Simon v. N.Y.C. Board of Education, et al.*, No. 01–CV–6024 (DGT)(LB), 2006 WL 1210959

(E.D.N.Y. 2006). Plaintiff initially filed suit against defendants claiming violations of his civil rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, alleging discriminatory treatment based on his sex and retaliation for engaging in a protected activity, resulting in the termination of his employment by the New York City Board of Education. Additionally, the District Court found that plaintiff's amended complaint alleged a claim for breach of contract, although it was not explicitly pleaded. The District Court dismissed all federal claims and declined to exercise supplemental jurisdiction over the possible breach of contract claim. Specifically, the District Court found the plaintiff offered no admissible evidence that the defendants had discriminated against plaintiff due to his sex, and provided no causal connection between the alleged discrimination and his firing. We assume the parties' familiarity with the facts and the procedural history of the case.

We review *de novo* a district court's orders granting summary judgment and focus on whether the District Court properly concluded there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See, e.g., Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003).

Upon a review of the record and the relevant law, we detect no error in the District Court's May 2, 2006 Memorandum and Order. Because all federal law claims were properly dismissed, the District Court appropriately exercised its discretion in declining to exercise supplemental jurisdiction over the alleged breach of contract claim. Insofar as Simon challenges

---

* The Honorable Richard M. Berman, of the United States District Court of the Southern District of New York, sitting by designation.

discovery rulings by the District Court, we review such challenges for abuse of discretion, *see Wills v. Amerada Hess Corp.,* 379 F.3d 32, 41 (2d Cir.2004) and identify none in this case.

Accordingly, we **AFFIRM** the judgment of the District Court, substantially for the reasons stated by Judge Trager in his considered and comprehensive Memorandum and Order of May 2, 2006.